CLD-297                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2374
_____

JAMES MURRAY,
a/k/a
JAMES HINES,
                                    Appellant

v.

B. CHAMBERS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-02236)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 27, 2012

Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: November 1, 2012   )
_____

OPINION
_____

PER CURIAM.

        James Murray, an inmate at USP-Lewisburg in Pennsylvania, filed a pro se

complaint seeking to challenge the validity of a prison disciplinary proceeding.

According to the complaint and its attachments, Murray was issued an incident report charging him with possessing a dangerous weapon and possessing a hazardous tool after an officer discovered two razorblades and a homemade screwdriver concealed under the door to the cell shared by Murray and his cellmate. At the ensuing disciplinary proceeding, Murray denied committing any infraction. Defendant Chambers, the Disciplinary Hearing Officer, discredited Murray's denial and further observed that, because "neither Murray nor his cellmate ... accepted responsibility for [the contraband], the DHO has no recourse but to hold both inmates ... accountable for possession of the razor blades and other contraband items[.]" Murray was sanctioned with, inter alia, the forfeiture of 55 days of statutory good-time credits.

Murray contends that he was impermissibly adjudged guilty based on a finding that he constructively possessed the contraband found in his cell. He posits that a theory of liability based on the constructive possession of contraband is impermissible because, Murray contends, he has no control over his cellmate's actions and he is not afforded the option of having a single cell. Murray asserts that the finding of a disciplinary infraction must be based on his "personal culpability." Murray sought declaratory and injunctive relief, ostensibly under the Administrative Procedure Act, including a declaration that "Mr. Chambers abused his discretion" and an order granting a new disciplinary hearing.

The District Court granted Murray leave to proceed in forma pauperis and dismissed his complaint without prejudice as frivolous. The Court concluded that, because Murray's claims, if proven, would render the loss of his good time credits invalid

2

and potentially affect the duration of his confinement, Murray should raise his challenge to the disciplinary proceeding in a habeas corpus petition under 28 U.S.C. § 2241. The District Court denied Murray's other pending motions. Murray timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Because Murray has been granted leave to proceed in forma pauperis on appeal, we must determine whether this appeal is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). We will dismiss an appeal as frivolous if it has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"A challenge ... to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam) (citing cases). Murray's attack upon the validity of the disciplinary proceeding at issue, which resulted in his loss of good-time credits, should be pursued in a § 2241 habeas petition, as the District Court concluded. Because this appeal from that ruling is inarguable as a matter of law, it will be dismissed under § 1915(e)(2)(B)(i).